### RUSSELL *v.* CONN.

Though the allowance of an amendment of the pleadings by the judge at circuit is discretionary, the refusal to exercise that discretion on the ground of want of power, when the power exists, is error in law, for which a new trial will be granted.

Upon the trial of an ejectment there was a variance between the complaint and the evidence in the description of the land. They concurred in essential particulars, except that the conterminous proprietor on the west was in the complaint stated to be on the east. The judge refused the plaintiff's application to amend, holding that he had not the power to permit it, and nonsuited him: *Held,* a mere variance, and not an entire failure of proof.

APPEAL from the Supreme Court. Ejectment for a part of lot No. 25, in a tract of land know as Legg's patent, in Essex county. On the trial before the late Mr. Justice CADY, the plaintiff's evidence shewed the defendant in possession of a part of lot No. 25, differing from that described in the complaint, in that it was bounded on the west by land in the possession of one Foot, instead of being thus bounded on the east and on the west by lot No. 26, as described in the complaint. The plaintiff then proposed to amend the complaint by describing the land as being the east part of lot No. 25, and bounded west by Foot's possession, but the defendant objected, insisting that it would be an entire change of the cause of action, and the judge decided that the amendment was not such a one as the law would allow him to make. To which decision and a non

suit thereupon granted, the defendant excepted. A motion for a new trial, leave to apply for which at general term had been reserved, having been denied, the plaintiff appealed to this court.

*John K. Porter,* for the appellant.

*John F. Havens,* for the respondent.

SELDEN, J. If the judge was right in assuming that this was a case where the cause of action was unproved in its entire scope and meaning, within the provision of section 170 of the Code, he was of course right in refusing to permit the plaintiff to amend, and in ordering him to be nonsuited. But was this such a case? The complaint described a strip of land upon the west side of lot No. 25, in Legg's patent, bounded north by Lot No. 21; south by the south line of the patent; east by part of the same lot, owned by Lucius A. Foot, and west by lot No. 24, alleging this land to be in the possession of the defendant.

Upon the trial the defendant was shown to be in possession of a strip upon the east side of lot No. 25, instead of the west. The title shown by the plaintiff would cover either parcel. Under these circumstances the plaintiff applied to the court for leave to amend his complaint so as to conform to the case made by the proof; and this the judge refused, upon the specific ground that the amendment proposed was one he had no power to allow.

On comparing the complaint with the proof it appears that much of the description in the former is correct, as applied to the parcel of land of which the defendant was shown to be in possession. The number of the lot, the patent of which it was a part, the northern and southern boundaries were all correct. The error was confined to the eastern and western boundaries alone. Can this be said to be a case unproved in its entire scope, when the proof corresponds with the complaint in a majority of the particulars constituting the description. The complaint was right as to the patent; right as to

Russell *v.* Conn.

the number of the lot; right as to two out of the four sides of
the lot, but wrong as to the other two sides.   It was clearly a
mere case of variance, and not one of a cause of action wholly
unproved.   The defendant was shown to be in possession of
land to which the plaintiff proved title, but the plaintiff had
mis-described the land in some respects.

It is unnecessary to decide whether this variance should
have been disregarded by the judge, unless the defendant made
the affidavit required by the Code; because if it be assumed
that an amendment was indispensable, the judge clearly erred
in refusing to allow it.   It is true that the allowance of an
amendment, where one is required, is the exercise of a discre-
tionary power, but it is erroneous to refuse to exercise that
discretion in a proper case.   The case of *The King* v. *The
Justices of Kent* (14 *East*, 395), illustrates the principle.   There
an application had been made to the Justices of Kent, by cer-
tain millers of that county, requesting them to fix the rate of
wages to be paid to said millers, under an old statute of Queen
Elizabeth.   The justices refused the application on the ground
that they had no power to act upon it.   The Court of Kings
Bench granted a mandamus, on the ground, that although it
was discretionary with the justices to fix a rate, as requested, or
not, yet that it was erroneous for them to refuse to do so, for
the reason that they had no authority : the court holding
that while it could not interfere with the discretion of the
justices when exercised, it could nevertheless correct the mis-
take into which they had fallen as to their power.

The principle adopted in that case is applicable to this.
Although the discretion of the court below when exercised
cannot be reached, yet the question of power is one which
depends upon strict legal principles, and may therefore be re-
viewed.   The judgment of the Supreme Court should there-
fore be reversed, and there should be a new trial, with costs to
abide the event.

ALLEN, J., did not sit in the case; all the other judges con-
curring,

Judgment reversed, and new trial ordered.