Folger, J.
The plaintiff in error was convicted of selling strong and spirituous and intoxicating liquors and wines, in quantities less than five gallons at a time, by retail, without having a license therefor, or being authorized thereto by law. This was a specific violation of section 13 of the act of 1857. (Laws of 1857, chap. 628, p. 405.) That section prescribes a penalty, by way of forfeiture, of fifty dollars for each offence against it; it is otherwise silent as to the character of the offence against its provisions, or the punishment therefor. There is not, in the whole statute, any provision, which by especial reference to this section, in other- manner characterizes the *324 offence against the provisions of it, or designates the punishment therefor. But this court has held (Behan v. The People, 17 N. Y., 516), that whether an indictment would lie as for a misdemeanor, for an offence against the provisions of this section, was a question of legislative intent, to be gathered from the whole statute, and from the course of previous legislation on the same subject; and it adjudged upon such consideration that the violation of the section was a misdemeanor, and might be proceeded against by indictment. This ruling has since been adhered to, though not fully approved, in Hill v. The People (20 N. Y., 363). Besides that, the Revised Statutes provide (2 R. S., 697, § 40), that every one convicted of a misdemeanor, the punishment of which is not prescribed therein or in some other statute, shall be punished by imprisonment in a county jail, not more than one year, or by fine not more than $250, or by both such fine and imprisonment. So that by force of the law as held by the court of last resort, and by the force of the statute last above cited, if there were absence of any other provision of law, there was a way clearly marked out, for bringing to trial and for punishing on conviction, an offender against this section.
But notwithstanding this, upon the conviction of the plaintiff in error, the Sessions when it came to sentence him, conceived itself bound by the authority of certain adjudications of courts superior to it, and deemed itself destitute of power to impose the punishment, which, could it have made exercise of its discretion, it would have alone inflicted in the case. Considering itself held to the punishment named in the twenty-ninth section of the act of 1857, it sentenced the plaintiff in error to pay a fine of $100 and to be imprisoned in the county jail for ninety days. Its action thereto was put expressly upon the want of power to do otherwise, it'avowing that, in the exercise of its sound discretion, it would not have inflicted the punishment of imprisonment. In such case, although there may be power in the lower court to do just that which it has done, and to which exception is taken; if it appears that the action complained of was had by the court, *325 in the belief of the want of right to exercise a discretion, and in such exercise to take other action, an appellate court may review the proceeding, and if the opinion that there was want of power is erroneous, send the case back, to be disposed of in the discretion of the lower court. (Russell v. Conn., 20 N. Y., 81.)
The twenty-ninth section of the act of 1857, reads as follows : “ It shall be the duty of courts to instruct grand juries to inquire into all offences against the provisions of this act, and to present all offenders under this act, and also all persons who may be charged with adulterating imported or other intoxicating liquors with poisonous or deleterious drugs or mixtures, or selling the same, or with knowingly importing or selling intoxicating liquors or wines adulterated with poisonous or deleterious drugs or mixtures; which offences are hereby declared to be misdemeanors, to be punished by imprisonment in the penitentiary, work-house or jail, for a period of three months, and by a fine of $100.” It is claimed that the last clause of this section, beginning with the words “ which offences,” applies to all and every of the offences under the act unless there is a particular provision accompanying them, and characterizes the criminality, and fixes the punishment of them; that it makes them all misdemeanors, punishable by both fine and imprisonment, and in no other manner than by both fine and imprisonment, as is in that clause prescribed.
In September of the year in which the act was passed, it was in question at the Dutchess Oyer and Terminer, Emott, J., presiding. It was held by the learned justice, that the word “ offences ” in the latter clause of the section, extends to and includes all violations of the statute. Without a minute discussion here of the reasoning of the opinion rendered, we are compelled to say, that upon this point, it does not convince us. This case is cited at General Term in 1865, in 6 Parker’s Criminal Reports, 666 (The People v. Brown), where James, J., refers to it; but that learned justice did not have occasion to consider the question, and did neither approve nor dissent from it. We understand that there have been other adjudications *326 at General Term in accord with that in Parker (supra), hut they are not found in print, and have not been furnished to us in manuscript.
It certainly demands attention, that though in Behan v. The People (supra), Pratt, J., cites the twenty-ninth section of this statute, and uses it in his reasoning; he nowhere relies upon or refers to it as controlling, or as directly affecting the question there agitated. That question was, whether a violation of the thirteenth section of the act of 1857 was a misdemeanor, and punishable by indictment. The court labors to its result that it was, by patient reasoning, when that result was easily reached, if the section has the effect claimed for it. The same may be said of Sill v. The People (supra). There seems to be, from these cases, negative authority, at least, that this court did not then look upon this section as having this effect upon the whole statute, or any of the other provisions of it.’
On perusing this twenty-ninth section, we are struck at once with the fact, that if the first clause of it stood alone, it would have a complete meaning, and be perfect in grammatical construction and in sense; thus: “It shall be the duty of courts to instruct grand jurors to inquire into all offences against the provisions of this act, and to present all offenders under this act.” This is as general and comprehensive as it can be penned. It is couched in such general terms, that it is difficult to see how there can be any more or other offences or offenders, to which or whom it can be or need be made to apply. If it stopped here, the reader would not be led to think that there was anything more in the mind or intention of the draftsman, or in the legislative purpose. It directs instruction to inquire into all offences agamst the provisions of this act, and to present dll offenders under this act. As there can be no more offences than all, and as there can be no other offenders whom the phrase “ all offenders ” will not include, it would seem that the purpose of the draftsman and of the legislator was completely reached. When, then, we read further in the section, .and *327 find that there are enumerated therein, for the first and qnly time in the whole act, other offenders who are then brought under this requirement of instruction to the grand jury, we are obliged to think that this enumeration and further requirement are the fruit of an after thought — a new and further purpose to create or define other offences than had been before" or otherwise specified in the enactment. This view is supported by the consideration, that the acts here, for the first time in the statute made offences, are different in character from those which are made offences in other parts of it. They are such acts as that they may be committed by one observant of all the other requirements of the law, indeed by one who is favored under the law, with the license to do that which it forbids to the unlicensed. It is apparent that offences'were here to be marked out and defined, different in kind from those with which the act had previously dealt. Let it be conceded, and we think that it must, that the latter clauses of section 29 were framed with a different purpose from that which prepared the first, to wit, with the purpose to create or define new offences, and it is a natural consequence that there might also be the accompanying purpose, to specifically characterize the offences then first particularized, by naming their grade, and by declaring the punishment for commission of them. We think that this view of the section, of itself, leads to the conclusion, that the phrase, “which offences,” in the latter part of it, refers to the offences therein just before especially enumerated, and does not reach back to the phrases “all offences” and “all offenders,” found in the first part of the section.
Nor does the grammatical, nor the constructive requires ment of the section, force to a different result. It is made the duty of courts to instruct grand jurors to inquire into all offences, and to present all offenders, “ and also all persons, etc.” Now “ also,” is an elliptical expression, as used here. If the full meaning was written out, it would read “ and to present all persons.” Thus the thought of the offences, of things, is for the time dismissed, and that of *328 offenders, of persons, is alone in mind. Then comes the description of the persons, who are thus also to be presented; and they are those, who are charged with adulterating liquors, or selling adulterated liquors, or knowingly importing or selling adulterated liquors or wines. The objectionable acts being thus named, then comes the characterization of them; and which offences, are declared to be misdemeanors. And then the punishment for this class of misdemeanors is declared.
Again; it is a rule in construction, that a relative word refers to the next antecedent; unless by so doing, the meaning of the sentence would be impaired. The word “ which,” in the phrase “ which offences,” is a relative word. The next antecedent, is the clause of enumeration of the acts, all persons charged with which, are to be presented. In this case, restricting the reference of this relative to this next antecedent does not, as we show, impair the meaning of the sentence, nor go contrary to the whole intent, neither of ■the section nor of the act. It is permissible then, indeed it is required, to confine it in its relation, to that part of the section which is its next antecedent.
Moreover, an inspection of the legislative archives adds support to this view. There are found among the many bills which were introduced by individuals, and reported from committees, on this subject of the sale of intoxicating liquors in the year 1857; those in which the first clause of the above quoted twenty-ninth section, in its very words stands alone, confined to the direction of instruction to grand jurors to inquire after all offences against the act, and to present all offenders under it; and, again, those in which to that direction in those words is added the other part of the twenty-ninth section, precisely as it now appears upon the statute book. It is thus shown, that a different and additional conception and purpose brought forth the latter part of the section; or at least that all the parts of' the section as it now stands, were not considered as necessarily connected with and dependent upon and as affecting each other.
*329 If the statute is viewed as a whole, we think it is apparent, that it was not in the intent of the legislature, to affix to all the offences against the act, the punishment specified in the last clause of the twenty-ninth section. It is not to be supposed that the legislature meant to repeal or nullity one part of the act, by another part of it; nor to provide two degrees of punishment for the same offence. If there is an interpretation of the act which will avoid such a result it should be adopted. And it may be so avoided by the application of the rule, that particular provisions may co-exist with general provisions in the same statute, though in themselves inconsistent. In various sections of the statute prior to the twenty-ninth, certain acts had been declared offences, and some of them had been in the section defining them, declared to be misdemeanors (§§ 6, 15, 20, 21); and in some of them a punishment had been affixed to the offence. (§§ 15, 20, 21.) Indeed, the law as laid down in Beham v. The People (supra), makes most if not all of the offences created by this act misdemeanors; and the section of the Revised Statutes above cited (2 B. S., 697, § 40), prescribes a punishment. If the clause in the twenty-ninth section is to prevail, then the punishment specifically affixed to offences in the sections previous to it, or generally by the provisions of the Bevised Statutes, are overridden and nullified; or there is here a penal act, which in different parts provides different punishments for the same offence. This dilemma is avoided if the provision in the twenty-ninth section is confined to the offences there enumerated and created. It may be said, that these various provisions can co-exist; by the one in the twenty-ninth section being taken as general, and applied wherever there is not an especial one; and wherever there is an especial one, that to be applied to the exclusion of the general one in the twenty-ninth section. But if there is this necessity, and if this mode of harmonizing the sections needs to be followed, it is more consistent with the course of legislation on'this subject of the sale of liquors, with the intent of the legislature as shown in the whole act and in the twenty- *330 ninth section considered alone, and with the construction of that section, to hold this clause in that section to be a particular provision, and to apply it only to the especial offences with the definition of which it is found associated. ISTor is it then without meaning or application, as has been suggested. It has meaning, as a sanction of the clause declaring the adulteration of liquors, and importing and sale of adulterated liquors, to be offences, and it has an application as fixing the punishment of an offender convicted thereof. It is also suggested, that as the acts of adulterating and selling adulterated liquors are not described as “ offences,” the phrase “which offences, ” cannot relate to them. But there can be no doubt, but that it is the intent of the section to prohibit those acts and to punish them. Where are they in the act named misdemeanors and awarded a punishment save in this section ? And how, save by this very clause beginning, “ which offenses % ” It would be a perversion of the enactment, to hold that this clause beginning, “ which offences,” is spread over and attached to all other parts of the statute, fixing the grade and punishment of all offences named in them, but leaves untouched these prescribed acts mentioned in immediate contiguity.
It is not amiss, to repeat the criticism upon this statute, which is made in Behan’s case (supra). It is there said that it appears upon its face to have been very carelessly framed, and to have been adopted without a very careful consideration of its provisions. A careful perusal of its various sections induces the idea, that many sections were framed and adopted with no thought of others in the act, so far as the grade of the offence, or the degree of punishment, was concerned. Thus, it is an act of substantially thirty-two sections, yet in seventeen of them, exclusive of the twenty-ninth, offences are declared; in four of which seventeen the offence is called a misdemeanor; in all of which seventeen a penalty or punishment is attached, in thirteen of which seventeen the punishment is different; in each of two thereof two different offences are declared, with different punishments annexed to each of those two offences. We find the statute throughout declaring *331 certain acts to be offences; often giving to them no place in the gradation of crime and affixing to them no punishment usually inflicted upon a criminal offender; and again, ranking others of them as misdemeanors and specifying the punishment, or specifying the punishment with no nomination of the grade of the offence. When we reach the twenty-ninth section we find it (in a clause which, for the completion of the idea with the expression of which the section begins, is not necessarily a part of it), like preceding sections, declaring certain acts offences, asserting of them that they are misdemeanors, and affixing to them a punishment which is different from that attached to a misdemeanor by the general provisions of law. As we are not obliged, by any necessity or continuity of sense, or by force of grammatical needs or by rules of construction, to connect this clause with the first clause in the section, or with other sections of the act; we may well conclude that one manner of drafting the act prevailed throughout it, and that when a grade of criminality had been named, and a degree of punishment declared, it was for the particular offence then under the pen of the draftsman. And the act may be assumed to have been framed, in view of the rule of law recognized in Behan’s case (supra), that where an act was criminal at common law, or had been already prohibited by a former statute, the power to punish by indictment came in ; and also that the provisions of 2 Revised Statutes, sections 39,40, pages 696,697, would co-operate to make the enactment efficient. So, when an act is made an offence by this statute, though not named a misdemeanor, and the punishment of it not fixed, it may well be that the general provisions of law were relied upon for the method of procedure against it, and for the punishment to be inflicted; and that there was no looking to any general provision in the act itself therefor. It is evident, that no single conception of one grade of public offence, and one degree of punishment, can be traced as running through the whole enactment; and that no phrase or clause of a section is to be taken as controlling of the whole statute in that regard. He who is called upon to construe it is not com *332 pelled to that conclusion by rules of construction. It is far better and safer to consider it, as made up mainly of independent parts, to be made operative and efficient in a great degree, by definite provisions of law found outside of it.
For these reasons we are of opinion, that the punishment declared in the latter clause of the twenty-ninth section, is not affixed to a conviction for an offence against the provisions of the thirteenth section; but that as determined in Behan’s case (supra), that offence is a misdemeanor punishable as provided in the Revised Statutes cited above.
The judgment under review should therefore be reversed, and the case be sent back for such punishment to be imposed as is in accord with law, and as in the discretion of the court is meet for the plaintiff in error.
All concur.
Judgment reversed and ordered accordingly.