[No. 387.   January 23, 1890.]

## VICENTE SANCHEZ y CONTREAS, APPELLANT, v. JESUS CANDELARIA, APPELLEE.

FORCIBLE ENTRY AND DETAINER, MAY BE BROUGHT BEFORE JUSTICE OF THE PEACE OF ADJOINING PRECINCT, WHEN—SEC. 2425, COMP. LAWS, N. M. 1884—JURISDICTION.—Under section 2425, Compiled Laws, 1884, when there is no justice of the peace in the precinct where the premises are situated, able or qualified by law to act, an action of forcible entry and detainer may be brought before a justice of the peace in any adjoining precinct.

ID.—APPEAL FROM JUSTICE OF THE PEACE TO DISTRICT COURT—APPLICATION FOR LEAVE TO AMEND SHOWING JURISDICTIONAL FACTS, POWER OF THE COURT TO GRANT.—On a trial de novo, in such case, on appeal to the district court, where the fact was that there was no justice of the peace in the precinct where the premises were situated, able or qualified by law to act, but the complaint failed to state

this fact, and plaintiff asked leave to amend, to remedy the defect, the court had the power to grant the application, and erred in its refusal to do so. While the rule is that applications for leave to amend are addressed to the sound discretion of the court, and the refusal of a court to permit amendments is ordinarily not open to review on appeal; yet, when a court has the discretion to allow an amendment of a pleading, and refuses to exercise its discretion on the ground of a want of power, such refusal is error, and a substantial ground for appeal.

APPEAL, from a judgment in favor of defendant, from the Second Judicial District Court, Valencia County. Judgment reversed, and cause remanded, with directions to permit the amendment asked for by plaintiff.

The facts are stated in the opinion of the court.

NEILL B. FIELD for appellant.

All appeals from inferior tribunals, such as justices of the peace to the district courts, are triable anew in said courts on their merits, as if no trial had been had below. Comp. Laws, N. M., 1884, sec. 1848.

No want of form is sufficient cause for abating any matter pleaded, provided the court can see in it sufficient matter upon which to base a decree or judgment; and when legal exceptions are sustained the opposite party is entitled to leave to amend. Id., sec. 1910.

Each party, by leave of court, may amend, upon such terms as the court may think proper, at any time before verdict, judgment, or decree. Id., sec. 1911.

If the amended complaint offered to be filed stated the facts, the justice of the peace had jurisdiction. Id., sec. 2425.

Upon appeal in such action, the district court shall proceed to try the cause de novo. Id., sec. 2434.

It is made the imperative duty of the court, by the statute, to permit amendments in cases of this character, in furtherance of justice. Id., sec. 2443.

These propositions have all been recognized by this court.   Sanchez v. Luna, 1 N. M. 388.

While it is true that applications for leave to amend are addressed to the sound discretion of the court, and the refusal of the trial court to permit amendments is ordinarily not open to review on appeal, it is well settled that where a judge at circuit has a discretion to allow an amendment to the complaint, and refuses to exercise it on the ground of wants of power, such refusal is error of law, and ground for appeal.   Russell v. Kohn, 20 N. Y. 81.

WHITEMAN, J.—This was an action for forcible entry and detainer, commenced by the appellant, Vicente Sanchez y Contreas, against the appellee, Jesus Candelaria, before Pablo Chaves, justice of the peace of precinct number 13, in the county of Valencia. The plaintiff, in his complaint, charges, in substance, that on the third day of January, A. D. 1888, in the county of Valencia, he was legally possessed of a certain piece of land or tenancy known and described as follows: " Said land is composed of one hundred and sixty acres of land, deeded in favor of this plaintiff, and situated in a place called 'La Cienega,' in said Valencia county"—and being thus possessed, was legally entitled to the possession of said land, and that on the twentieth day of September, 1887, the defendant, Jesus Candelaria, illegally and by force entered upon said tract of land and dispossessed the plaintiff, and detained, and still detains, the possession of said land, etc.   The defendant, Jesus Candelaria, appeared and defended the action; and upon the trial thereof, had on the thirteenth day of February, 1888, a judgment was rendered in favor of the plaintiff, whereupon the defendant sued out a writ of certiorari, and thereby carried the case by appeal to the district court of Valencia county.   In the district court the defendant, on

the twelfth day of April, A. D. 1888, filed a motion to
dismiss the cause upon the ground that the justice of
the peace before whom the same was tried was without
jurisdiction of the subject-matter, or of the parties.
The plaintiff, on the eighteenth day of April, A. D.
1888, moved the court for permission to file an
amended complaint. The amended complaint ten-
dered by the plaintiff set out a proper description of
the land in dispute, and averred that the land was
situated in precinct number 16, in the county of
Valencia, and that, while the plaintiff was possessed of
the land, the defendant, Jesus Candelaria, by force, in-
timidation, and fraud, entered upon the land, and
detains and withholds the possession thereof from the
plaintiff. It also contained an averment that at the
time of the forcible entry complained of there was not,
and had not been since, a justice of the peace in the
precinct where the lands were situated able or qual-
ified by law to act in the premises, and that for that
reason the action was instituted in precinct number 13
of said county of Valencia, and that said precinct
number 13 adjoins the precinct wherein the lands are
situated. The court denied and overruled the motion
to permit the plaintiff to file the amended complaint,
and the cause was then heard upon the defendant's
motion to dismiss the cause, which motion was sus-
tained; and the cause was accordingly dismissed. The
record also discloses the fact that the court refused to
permit the plaintiff to file the amended complaint
offered, solely upon the ground that the court had no
power or jurisdiction to permit the said amendment.
The appellee, Jesus Candelaria, has not appeared in
this court, and no brief has been filed by him.

But one question is presented for our consideration
in this cause, viz., whether the district court had power
and jurisdiction to permit an amendment of a com-
plaint made in an action of forcible entry and detainer

before a justice of the peace, where the original complaint failed to show affirmatively that the justice of the peace had jurisdiction of the subject-matter of the suit, and if, having such power, and having refused to exercise it, this court will review the action of the district court in respect thereto. We understand the Forcible entry and detainer: jurisdiction of justice of adjoining district. rule to be that applications for leave to amend are addressed to the sound discretion of the court, and the refusal of a court to permit amendments is ordinarily not open to review upon appeal; but where a court has a discretion to allow an amendment of a pleading, and refuses to exercise such discretion upon the ground of a want of power, such refusal is error, and good ground for an appeal. Russell v. Conn, 20 N. Y. 81.

The defect in the original complaint consisted in this, that the lands which were the subject of the controversy were situated in precinct number 16, and the action was commenced before the justice of the peace of precinct number 13, in Valencia county. That the original complaint was defective will not be questioned, but it was within the power of the plaintiff to have recited facts in the complaint which would, if true, have conferred jurisdiction upon the justice to hear the cause. "If there be no justice of the peace in the precinct where the premises are situated, able or qualified by law to act, suit may be brought before some justice of the peace in any adjoining precinct." Comp. Laws, N. M. 1884, sec. 2425.

Under the provisions of the sections of the statutes just quoted, all that was necessary to have given the justice of the peace of precinct number 13 jurisdiction to act was to recite in the complaint that there was no justice of the peace in precinct number 16 able or qualified by law to act. The complaint made before the justice of the peace did not recite this jurisdictional fact. But after the case had been appealed by the de-

fendant to the district court, and before the district court had considered and determined the defendant's motion to dismiss the cause, the plaintiff asked the court for permission to amend the complaint by reciting facts which would have given the court jurisdiction, which application to amend was refused. We think that, if the application to amend had been made while the case was pending before the justice of the peace, it would have been the duty of such justice to have permitted the amendment to be made, and that the plaintiff's right to amend was not lost by the case having been appealed to the district court. "The district court, on the trial of an appeal, shall proceed de novo." Id., sec. 2434. "All appeals from inferior tribunals to the district courts shall be tried anew in said courts on their merits, as if no trial had been had below." Id., sec. 1848. By this we understand that the cause shall be tried upon its merits, as if it was a new action in the court.

*APPEAL: power of district court to amend.*

The court is to be in nowise trammeled in its mode of proceeding by the irregular, untechnical acts of the justice of the peace. It would indeed be a very hard rule to deny the court its power and discretion, in allowing amendments, to place a cause appealed from the justice in such a manner before the court as to be triable, when the whole trial is to be de novo. To forbid the courts this power to amend in this class of cases, when the power is so general and broad in all other civil suits, would, in this country, amount to almost a denial of justice through the means of appeals. The justices of the peace are, for the most part, unskilled, if not uninstructed, in legal forms and technical proceedings. The records in appealed causes in the courts manifest how defective and inartificial the business in the precinct tribunals is transacted. The dockets are rare that can exhibit strict regularity. If,

where a litigant presents himself before the district court with his appeal in hand, the court is powerless in granting to the parties the privilege to correct and perfect what unskillfulness or ignorance has defectively done, the result must be that suitors will be turned from the court with heavy bills of costs, and confidence in legal justice be destroyed. Sanchez v. Luna, 1 N. M. 238.

The statute requires that a cause appealed to the district court shall be tried anew in said court, upon its merits, as if no trial had been below. The appeal vests the district court with power to try the cause, and the proceedings upon the trial in that court are to be controlled by the enlarged rules of practice and decisions that pertain to the district courts; and if the justice of the peace was vested by law with jurisdiction to try such a cause, and the steps taken to invoke the jurisdiction were defective, such defect may be cured by an amendment made in the district court. But if the subject-matter involved in the cause was such that a justice of the peace would, under no circumstances, have jurisdiction to hear and determine, then the appeal would not vest in the district court the power to hear and determine the cause. The action originated before the justice of the peace, and the character or form of the action could not be changed upon appeal to the district court. Neither could the action be enlarged upon appeal so as to have given the plaintiff greater or more extended relief than the justice of the peace might lawfully have given on the case made below. But, to the extent that jurisdiction existed in the justice of the peace, to the same extent was the district court vested with jurisdiction by the appeal, not for the purpose of reviewing or correcting such errors in law as may have appeared by the transcript to have been committed by the justice of the peace, because the district court did not sit as a court

exercising appellate powers to correct errors in law, but to try the case.de novo, upon its merits. A reference to the several sections of the Compiled Laws of this territory, upon the subject of amendments generally, clearly shows a liberal legislative intention with respect thereto, viz.: "No want of form shall be sufficient cause for abating any matter pleaded, providing the court can see in it sufficient matter upon which to base a decree or judgment; and when legal exceptions are sustained the opposite party shall have leave to amend." Comp. Laws, N. M. 1884, sec. 1910.

"Each party, by leave of the court, shall have leave to amend, upon such terms as the court may think proper, at any time before verdict, judgment, or decree." Id., sec. 1911.

Section 2443, Id., which relates particularly to the practice in trials of actions of forcible entry and detainer, reads: "All causes removed into the district court in pursuance to the foregoing sections shall be tried de novo, and the court shall allow all amendments which may be necessary, in furtherance of justice, in all cases appealed by petition or certiorari, or in the ordinary mode." Here we have an express legislative declaration upon the subject of amendments of this particular class of actions. The purpose of the statute is to promote the attainment of substantial justice between the parties. Technical objections are to be disregarded, and the case tried upon its merits. We are not disposed to establish a rule which would have the effect to dwarf or limit the wise and liberal spirit and intent manifested in these legislative enactments. To do so would be to subvert the legislative power and authority, and would be an unwise and unjust usurpation by the court of powers that belong exclusively to the legislative authority.

We are of the opinion that the justice of the peace possessed jurisdiction to try this case; that the steps

originally taken by the plaintiff to invoke such juris-
diction were defective; but that the district court had
the power to permit the appellant to correct such defect
by an amendment of the complaint, and it was error
for the court to refuse him permission so to do. The
judgment of the lower court will be reversed, and this
cause remanded to that court, with directions to permit
the amendment asked for by plaintiff; and it is so
ordered.

LONG, C. J., LEE, and McFIE, JJ., concur.