court to decide, as a matter of law, that the contract has not been so far performed as to entitle the plaintiff to recover upon it. In my opinion the defective performance found by the referee, is sufficient to defeat a recovery on this contract, and besides the undisputed evidence does not tend to support the finding or conclusion of substantial performance.

The tendency, called equitable, of courts to relieve persons from the performance of engagements deliberately entered into, and in legal effect to make for litigants new contracts which they never entered into, and which it cannot be supposed they ever would have entered into, has been and is being carried to a length which cannot be justified in reason.

I think the judgment should be reversed and a new trial granted, with costs to abide the event.

All concur with Bradley, J., except Follett, Ch. J., Vann and Landon, JJ., dissenting.

Judgment affirmed.

---

Theodore Westlake, Respondent, *v.* Rosina Koch et al., Appellants.

To enable one who has title to the land of a public highway, subject to the public easement, to maintain ejectment therefor, he must show that defendant has taken exclusive possession, or imposed upon the land some burden inconsistent with the public easement.

F., who owned to the center of a highway, deeded to W., the adjoining owner on the opposite side, a strip of land along it and all his right, title and interest therein. One object of the conveyance was to enable W. to straighten the highway and the deed recited that the grantee was to hold the granted strip "for the uses and purposes of a public road or highway, and for no other use or purpose;" it also contained a reservation to the grantor of "the same privileges on said public road or highway as they now have on the highway as at present located" in front of F.'s land. W. thereupon straightened the highway and built a retaining wall within the strip conveyed, along the line of F.'s land, and for over twenty years the strip was used as a highway and W. and his grantee when occasion required repaired the wall. Defendant, who succeeded to F.'s title, took posses-

sion of the wall to the exclusion of the plaintiff, who had succeeded to W.'s title and denied his right to maintain it. In an action of ejectment, *held*, that as when the deed was executed the privileges of F. on the highway were unrestricted by any dominant right of the owner on the opposite side, under the recital and reservation in the deed, his right in the altered highway was equally unrestricted; that this right was restricted by the wall and its maintenance was a private nuisance which defendants had the right to abate; and so that a judgment award-ing plaintiff the land upon which the wall stands and restraining defendants from interfering with it was error.

(Argued April 28, 1892; decided May 31, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made February 10, 1890, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*A. H. F. Seeger* for appellants.

*Darwin W. Esmond* for respondent.

LANDON, J. Ejectment for a strip of land forming part of the public highway. In 1856, Flagler owned a farm adjoin-ing the west side of the public highway leading from New-burgh to Marlborough. Weed owned the farm directly oppo-site and adjoining the east side of the same highway. Each owned to the center of the highway. The general course of the highway was straight, but there being a hill on the west, or Flagler's side, the highway curved around the base of the hill and thus deviated from a straight line. Weed lived on the east, and desiring to enlarge his front yard and straighten and improve the highway, purchased the strip of Flagler suf-ficient to enable him to do so. The deed from Flagler to Weed conveyed the strip in question to Weed and all Flagler's right, title and interest in the highway. The habendum clause in the deed recited that the grantee was to hold the granted strip " for the uses and purposes of a public road or highway,

and for no other use or purpose whatever," and then this reservation followed : " The said parties of the first part reserving the same privileges on said public road or highway as they now have on the highway as at present located in front of the lands owned by said party of the first part."

Upon receiving the conveyance, Weed straightened the highway, enlarged his own door-yard by moving his front fence westerly, graded down the hill upon the westerly side of the highway and built a retaining wall upwards of 400 feet long, and about three feet high, against or very near to Flagler's higher land and within the strip conveyed by the deed. Since 1856 the strip has been used as a highway, and Weed and his grantees, the respondent, have, as occasion required, repaired the wall. By subsequent conveyances, the plaintiff acquired Weed's title, and the defendants Flagler's. In 1879, the defendants built a house upon their premises upon the west of the highway and wall, and opened and have since used a passageway from the highway to their house, and also opened and used another like passageway at another point through the wall, and before the commencement of this action took possession of the entire wall to the exclusion of the plaintiff and the denial of his right to maintain it.

The trial court found that the premises described in the complaint were dedicated and accepted as a highway, and have formed part of it for over twenty years ; that the defendants are abutting owners on said highway and have the right to the free and uninterrupted use of it as such. Judgment, however, was directed for the plaintiff for the possession of the strip in question including the wall, reserving to the defendants three specified passageways of thirteen feet in width through the same, and enjoining them from interfering with the wall.

I think the judgment should be reversed. The recital in the habendum clause that the strip was conveyed for no other purpose than a highway may not of itself restrict the full title granted, but this recital in connection with the reservation immediately following, and the grantee's subsequent

alteration of the highway, and dedication of the strip to the public as a highway, show what was meant by the reservation. " A reservation is never of any part of the estate itself, but of something issuing out of it, as, for instance, rent, or some right to be exercised in relation to the estate." (*Craig* v. *Wells*, 11 N. Y. 321.) The reservation in this deed aptly and explicitly expressed the privileges reserved. There was intended to result from this grant, and did result from it, a change in the location of the highway, and the grantors reserved to themselves, and for the benefit of their land, the same privileges on the altered highway as they then had on the old highway. Their privileges were then unrestricted by any dominant right of the owner of the land on the opposite side of the highway, and they remain equally unrestricted now. But this judgment, if sustained, restricts their privileges of ingress and egress to the three places of thirteen feet width each in a frontage of over 400 feet, and denies them any other rights with respect to the highway, except such as they may enjoy subject to the perpetual barricade of this wall. Before the highway was altered and the wall built, no such restrictions existed. The maintenance of the wall adversely to defendants' rights and injurious to their lands obviously would be a private nuisance. (*Driggs* v. *Phillips*, 103 N. Y. 77; *Swords* v. *Edgar*, 59 id. 34.)

To enable the plaintiff to maintain ejectment for any part of the highway to which he has the title subject to the public easement, the defendants must have taken exclusive possession of it, or imposed upon it some burden inconsistent with the public easement. (*Reformed Church* v. *Schoolcraft*, 64 N. Y. 150; *Wager* v. *Troy Union R. R. Co.*, 25 id. 526.) As between the parties, the defendants have not taken possession of any part of the highway. The highway, as plaintiff and his grantor established it, is bounded on the west by this wall, and the plaintiff cannot assert, to the prejudice of the defendants' reserved privileges, that the wall is not the boundary between defendants' land and the highway. Plaintiff's claim that because the wall stands upon the edge of the granted

strip and is, therefore, wholly his, cannot be allowed in the sense that he may maintain it there adversely to the defendants.

If the plaintiff chose to remove the wall and grade the highway up to the exact boundary line, a different question would be presented. But the judgment awards him the land upon which the wall stands, and restrains the defendants from interfering with the wall, thus nullifying the reservation in the defendants' favor and thus imposing a burden upon the land, which, under the terms of the grant, they have the right to remove or to lessen by any reasonably practicable means. As they have done no more than was consistent with the enjoyment of their privileges, their possession of the wall was not wrongful.

The judgment should be reversed and a new trial granted, costs to abide the event.

All concur, except PARKER, J., dissenting, and BROWN, J., not sitting.

Judgment reversed.