[No. 473.    July 28, 1892.]

MAXIMIANO ROMERO, Plaintiff in Error, v. ANTONIO LUNA, Defendant in Error.

Replevin—Appeal From Justice's Court to District Court—Affidavit—Amendment.—Section 2443, Compiled Laws, providing for a trial de novo in all cases originating in a justice's court and removed into the district court, and that the district court shall allow all amendments "necessary in furtherance of justice," includes an action in replevin; and where, in such an action appealed to the district court, the affidavit failed to state the value of the property in contro versy, an amendment was asked to correct the affidavit, and refused, the purpose of which was to secure a trial de novo on the merits, such amendment, so sought, was a "necessary amendment in furtherance of justice," and it was an abuse of the court's discretion to refuse to allow such amendment. Martinez v. Martinez, 2 N. M. 464.

ID.—AFFIDAVIT—AMENDMENT—JURISDICTION.—The contention, in such case, that the failure to allege the value of the property in question was jurisdictional, and could not be cured by amendment in the district court, was not well taken, and can not be sustained in view of section 7, chapter 48, Laws, 1889, which was in force at the time the cause was heard below, and which is in harmony with the decisions of this court in Martinez v. Martinez, supra, and Sanchez v. Candelaria, 5 N. M. 405, where it was held that if the application to amend had been made while the cause was pending before the justice, it would have been his duty to permit the amendment to be made, and that the plaintiff's right to amend was not lost by appeal to the district court. Barruel v. Irwin, 2. N. M. 223, distinguished.

ERROR, from a judgment in favor of defendant, to the First Judicial District Court, Taos County. Judgment reversed, and cause remanded, with directions to the court below to allow the affidavit in replevin to be amended. O'BRIEN, C. J., dissenting.

The facts are stated in the opinion of the court.

EDWARD L. BARTLETT for plaintiff in error.

N. B. LAUGHLIN for defendant in error.

McFIE, J.—This action of replevin originated in Taos county, and was tried before a justice of the peace and a jury November 5, 1889, resulting in a verdict and judgment for the defendant in error. Appeal was taken to the district court of Taos county, and the cause was placed upon the docket of the September term, A. D. 1890, but it was continued until the May term, A. D. 1891, by agreement of both parties. On the fourteenth day of May, A. D. 1891, being the fourth day of said May term, appellant moved the court for leave to amend the affidavit for replevin. The court denied the application for leave to amend, upon the same day sustained the motion filed by appellee to quash the writ and dismiss appeal, and thereupon gave judgment quashing the writ, dismissing the appeal, and for costs, and awarded execution against appellant.

Motions were made by counsel for appellant to set aside
and vacate order quashing writ and dismissing appeal,
and for rehearing of said motion to quash writ and dis-
miss appeal, but the court overruled the same.  To the
rulings of the court upon all of said motions excep-
tions were taken, are preserved in the record, and the
plaintiff brings the cause to this court by writ of error,
to review the proceedings and reverse the judgment of
the court below.

There are four errors assigned by the plaintiff in
error in this case.  First, that the court erred in sus-
taining the motion of the defendant below to quash the
writ of replevin and dismiss the appeal in said cause,
over the objection of the plaintiff in error; second, that
the court erred in refusing to grant the plaintiff in error
leave to amend his affidavit in replevin, as prayed for in
his motion for that purpose; third, that the court erred
in overruling the motion of the plaintiff in error for a
rehearing of said motion to amend, and to set aside and
vacate the order, quashing said writ, and dismissing
said appeal; fourth, that the court erred in quashing
the writ of replevin issued herein and dismissing said
action at the cost of the plaintiff in error.

The second assignment of error goes to the merits
of the case.  It is evident that if reversible error was
committed by the court below in refusing
to allow plaintiff in error leave to amend
his affidavit in replevin, the other errors
assigned grow out of that ruling.  The
second error, therefore, will be first considered.  The
original affidavit in replevin is as follows:

"Maximiano Romero v. Antonio Luna.  Replevin.
Sworn statement for replevin, before Jose Hilario
Lucero, justice of the peace for precinct No. 1, in the
county of Taos.  The above mentioned Maximiano
Romero, being duly sworn, says that he has a good
right to the possession of the following described effects

and furniture, and that the same are unlawfully with-
held by the said Antonio Luna, to wit: One billiard
table, one counter of the same, four lamps, twelve cues,
four balls, and other appurtenances to the same.

                          "MAXIMIANO ROMERO."

"Sworn and subscribed before me this 4th day of
September, 1889.          JOSE HILARIO LUCERO,
                          "Justice of the Peace."

The record discloses another affidavit, made by the
plaintiff before the same justice of the peace on the
thirteenth day of September, 1889, which is as follows
(omitting caption):

"Before me, the undersigned, justice of the peace
in and for the county and territory aforesaid, personally
appeared Maximiano Romero, who, after having been
duly sworn by me, deposeth and saith that the effects,
chattels, or furniture now involved, and which have been
replevied from the possession of Antonio Luna, were
not seized by virtue of any suit, execution, or attach-
ment against the property of this complainant; and
that the defendant in the original suit, by virtue of
which the said effects, chattels, or furniture were un-
justly seized by the officer serving that case, has no
interest, right, nor title, and had no interest, right, nor
title in said chattels at the time when they were unjustly
seized, and that the said complainant is entitled to the
possession of the same, as one of the lawful owners
thereof.   Sworn and subscribed to before me in my
office at Taos, N. M., this 13th day of September, 1889.

                          "JOSE HILARIO LUCERO,
                          "Justice of the Peace."

This affidavit was not signed by the plaintiff, nor
is the purpose of making this affidavit very clear.   It
does not purport to be a complete affidavit, such as was
intended to take the place of the original affidavit, and
therefore must be considered as supplementary thereto.
Its terms seem to indicate also that the property

replevied from the defendant was retaken by him, by some means not disclosed in the record, and this is borne out by the fact that while the jury find the property to be the property of the defendant (which is the effect of their verdict, "Not guilty"), there was no return of the property ordered; simply a judgment for costs. Counsel for defendant in error contend that there is no authority for cross replevin, but, as the record does not disclose any proceedings in cross replevin, we can not consider that question. The cause tried by the justice of the peace, so far as the record discloses, was the original replevin suit brought by Romero against Luna, and that cause is the one now pending in this court.

The record shows that application for leave to amend affidavit in replevin was made by plaintiff in error before any motion was made by the defendant in error to quash the writ and dismiss the appeal. The application for leave to amend was made orally, but, inasmuch as the motion for leave to amend was afterward reduced to writing, and on the eighteenth day of June, in open court, and by leave of the court, filed nunc pro tunc, it is evident that the amendments set out in the written motion were stated orally to the court at the time the motion was considered. The amendments desired were as follows: "By having the plaintiff sign the same, by stating the value of the property to be forty dollars, by describing the same, and stating that it was wrongfully detained by the defendant, and that plaintiff had a right to the immediate possession thereof." The amendment of process or pleadings in the district courts in cases originating in and brought into the district courts by appeal from the justices' courts is a matter of statutory regulation in this territory; therefore an examination of the provisions of the Compiled Laws on this subject will be necessary to a proper disposition of this assignment of

error. The provisions of the Compiled Laws of New
Mexico upon the subject of amendments are as liberal
as any we have found, and much more liberal than the
statutes of most of the states and territories; hence
decisions of other courts are of little value to us in con-
sidering this question. In fact, it is difficult to draw
the line where the right of amendment ceases in causes
brought into the district courts by appeal from the jus-
tices' courts. The trial of such case in the district
court is a trial de novo. The district court does not
exercise strictly appellate jurisdiction to the extent of
becoming a court of errors, but it tries the case anew,
untrammeled by the proceedings or decision of the jus-
tice's court, except to conform to the limited jurisdic-
tion and practice provided by law for the court in which
the cause originated. The transcript of a justice is of
value only in so far as it advises the district court that
the cause originated in the justice of the peace court,
and that an appeal had been regularly taken to the dis-
trict court; but the court will not examine or pass upon
errors committed in the justice's court, nor be bound by
any judgment that may have been rendered there. It
conforms its practice to that of a justice's court, because
the statute so expressly provides, regardless of the fact
of a trial below. Section 1848 of the Compiled Laws,
which became a law in 1853, is as follows: "All
appeals from inferior tribunals to the district courts
shall be tried anew in said courts, on their merits, as if
no trial had been had below." An additional law on
this subject was passed and took effect January 13,
1876. It did not in any way conflict with the former
law, but enlarged its provisions as follows: "The case
upon such appeal shall be tried de novo, and the same
rules shall govern the district court in said trial that are
prescribed for the government of justices' courts."
Comp. Laws, 1884, sec. 2393. A still further provision
upon this subject, and a part of the act of 1876, above

referred to, is quite explicit as to amendments in such cases. It is as follows: "All causes removed into the district court in pursuance of the foregoing sections shall be tried de novo, and the court shall allow all amendments which may be necessary in furtherance of justice in all cases appealed by petition, certiorari, or any ordinary mode." Comp. Laws, 1884, sec. 2443. This section undoubtedly refers to an action of replevin, originating in a justice of the peace court, and appealed to the district court, for by its terms it includes all cases originating before a justice of the peace. The only limitation upon the right of amendment is that it must be in furtherance of justice; and, if a proper application is made it is the duty of the court to allow it. This question has been presented to this court on several occasions, and there is an apparent conflict of authority, even in the decisions of this court, but a careful examination of the different decisions upon this subject discloses the fact that the conflict is only apparent, and not real, at least upon the question of allowing amendments in the district court in actions of replevin and attachment originating in the justices' courts. The case of Barruel v. Irwin, 2 N. M. 223, is evidently relied upon by the defendant in error as sustaining his view of the case; but an examination of that case shows a material difference from the case at bar. In that case the affidavit of replevin was substantially in the form prescribed by the statute, but it omitted to allege the value of the property, and to that extent it is the same as the case at bar; but in that case there was no application for leave to amend the affidavit, either in the justice's court or in the district court. The court held the affidavit to be fatally defective in omitting to allege value, but the court did not deny the right of amendment. On the contrary, we think the language shows a recognition of that right; but, inasmuch as there was no offer to amend, it was only referred to

incidentally; hence that case is not in conflict with the case of Martinez v. Martinez, 2 N. M. 464, where the question of the right to amend the affidavit in replevin was squarely presented to this court. This case is a more recent utterance of this court, and the decision, being written by the same judge who wrote the opinion in the case of Barruel v. Irwin, is further confirmation of the view that the court did not intend to deny the right of amendment in the former case. The case of Martinez v. Martinez and the case at bar are practically identical. In the case of Martinez v. Martinez the affidavit in replevin failed to properly describe the property, and allege that plaintiff was entitled to the possession thereof. No application was made to amend before the justice of the peace, but the case was tried on its merits. In the district court, on appeal, application was made for leave to amend the affidavit, but the court below refused leave to amend, and sustained motion to quash. This court held such refusal to be error, and reversed the case, with instructions to the court below to allow the amendment. The defendant in error denies the right of amendment, upon the authority of the following provision of the statute relating to the action of replevin: "The plaintiff, his agent, or attorney shall file an affidavit with the justice, stating that the goods and chattels are wrongfully detained by the defendant, and stating the value, and that he has a right to the possession thereof, and that every writ of replevin issued without such affidavit shall be quashed at the cost of the plaintiff." Defendant in error insists that this provision is mandatory, and that the writ must be quashed on motion; and the logic of the argument would be that, if the affidavit was defective to any extent, it would be fatal, and could not be cured by amendment. This contention can not be sustained, in view of the decision of this court in the case of Martinez v. Martinez. This very

statute was before it, and was considered by the court in rendering its decision in that case. The court says: "The fact that the statute expressly provides that if the writ be issued without the required affidavit it shall be quashed, adds nothing to the mandatory character of the statute, for that result would uniformly follow without any such provision. The provisions of the statute in regard to actions of replevin before justices of the peace and in regard to amendments on appeals from their courts in all cases being parts of the same act, must be construed together, and harmonized, if possible. This is not difficult. If the plaintiff inadvertently has made an insufficient affidavit for a writ of replevin, and takes no steps to rectify it, but rests his case thereon, the writ will be quashed as a matter of course. But, after discovering its insufficiency, if he applies at the proper time for leave to amend, there can be no objection to its allowance, if justice will be promoted thereby. It is quite evident from the record that the court below refused the amendment on the ground that it had no discretion to allow it under the statute. This was error. The refusal of the court to allow the affidavit to be amended was virtually a final disposition of the case in favor of the defendant, without a trial on its merits. There can be no doubt, from the facts appearing on the record, that granting leave to the plaintiff to amend his affidavit would have been in furtherance of justice, and that refusing it was an abuse of the discretion of the court below." Martinez v. Martinez, 2 N. M. 464.

It is urged in this case that the failure to allege the value of the property was jurisdictional, and could not be cured by amendment in the district court. One of the requirements of the statute is just as essential as the other; all of them are equally jurisdictional, according to the contention of the defendant in error; therefore, if one of the

AFFIDAVIT:
amendment:
jurisdiction.

requirements of the statute be omitted from the affidavit it is just as fatal as the omission of any other. When, therefore, this court held, as it did in the case of Martinez v. Martinez, that a defective affidavit in replevin might be amended in one particular, on application in the district court, the right of amendment in every particular was thereby established, and it is immaterial whether the defect was jurisdictional or not. But this court has held in a forcible entry and detainer proceeding before a justice of the peace (and the difference in the form of action is unimportant here) that an amendment should be allowed curing a jurisdictional defect where applied for, for the first time, in the district court. In the case of Sanchez v. Candelaria, 5 N. M. 405, it was held: "We think that if the application to amend had been made while the case was pending before the justice of the peace, it would have been the duty of such justice to permit the amendment to be made, and that the plaintiff's right to amend was not lost by the case having been appealed to the district court. If the justice of the peace was vested by law with jurisdiction to try such a cause, and the steps taken to invoke the jurisdiction were defective, such defect may be cured by an amendment in the district court." The limitations upon the right of an amendment indicated by above cited statutes and decisions are: First, that the amendatory fact must exist at the same time the suit is brought; and, second, the amendment desired must be in the furtherance of justice. It is clear that in this case all of the necessary amendatory facts set out existed at the time the suit was brought, and all of the amendments could have been made in the justice's court, and would have been allowed, doubtless, if applied for. The fact that they were not applied for or made will not warrant a dismissal of the cause in the district court if proper application is made in that court

to amend so as to cure the defects, if the amendments are in furtherance of justice. It can not be doubted that in view of the liberal legislation of this territory upon this subject the amendments applied for in this case were in furtherance of justice. In the trial of causes originating in the justices' courts the prime object of the law is to reach a trial upon the merits of the controversy between the parties, and this is true, also, of the district courts in the trial of such a case. Irregularities in the trial in the justices' courts are not to be allowed to prevent an adjudication of the cause on its merits, and amendments are therefore so liberally allowed as to enable the curing of all defects and irregularities in the proceedings of the informal and limited courts. The amendments applied for were intended to secure a trial de novo upon the merits, and, had the court allowed the amendments to be made, there would have been a trial upon the merits; but the refusal of the court to allow the amendments worked a dismissal of the cause without a hearing upon the merits. It would have been in furtherance of justice to have tried this case upon its merits, as was done in the justice's court, and thereby end the litigation. It is therefore apparent that the allowance of the amendments would have been in furtherance of justice.

The court below evidently held that the defects in the affidavit in replevin were jurisdictional, and therefore the court had no power to allow amendments. We are aware that there are decisions of many able courts in support of this view, but an examination of these authorities, we are convinced, will show that they are based upon statutes less liberal than those of this territory as to amendments, or by courts exercising strictly appellate jurisdiction in such cases. Section 2443, authorizing amendments in furtherance of justice, necessarily clothes the district courts with some discretion in determining what amendments are in furtherance of

justice. The court's discretion is not reviewable ordinarily, but where a court has a discretion to allow an amendment of a pleading or process, and refuses to exercise such discretion upon the ground of want of power, such refusal is error. Sanchez v. Candelaria, 5 N. M. 400; Russell v. Conn, 20 N. Y. 81. But the last utterance of the legislature on this subject resolves all doubts that may have heretofore existed as to the practice in such cases. Section 7, chapter 48, Laws, 1889, is as follows: "Although the jurisdiction of the justice of the peace may not affirmatively appear upon the face of the papers transmitted upon appeal, yet, if such jurisdiction actually existed in the justice of the peace before whom such cause was tried, it shall be the duty of the district court to allow any amendment necessary to set forth correctly the fact of jurisdiction, and no appeal shall be dismissed for any defect in the papers so transmitted; provided, the same can in truth be amended to correctly set forth the jurisdictional facts." This act was in force at the time this cause was heard below, but presumably was not called to the attention of the court, inasmuch as it is not referred to in the briefs of counsel. However that may be, this statute declares in terms what shall be the practice in such cases, and we find that this statute is in entire harmony with the conclusions of this court as announced in the cases of Martinez v. Martinez, 2 N. M. 464, and Sanchez v. Candelaria, 5 N. M. 405. We are thus led to the conclusion that the second assignment of error is well taken, and works a reversal of the case. The judgment of the lower court will be reversed, and the cause will be remanded, with directions to the lower court to allow the affidavit in replevin to be amended, and proceed with the case as the law directs.

Lee and Freeman, JJ., concur. O'Brien, C. J., dissents.